## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BERNARD ROEMMELE,             :

                         :

         Petitioner,         :

                         :

         v.                :     No. 4:18-CV-1769

                         :

WARDEN DAVID EBBERT,      :     (Judge Brann)

                         :

         Respondent.       :

## MEMORANDUM OPINION

### NOVEMBER 6, 2018

## I.    BACKGROUND

This *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2241 was initiated by Bernard Roemmele, an inmate presently confined at the Federal Prison Camp, Lewisburg, Pennsylvania (FPC-Lewisburg). Warden David Ebbert of FPC-Lewisburg will be deemed the sole Respondent. Petitioner has paid the required filing fee.

Following a jury trial in the United States District Court for the Southern District of Florida, Petitioner and co-defendant Steve Hein were convicted of conspiracy to violate Racketeer Influenced and Corrupt Organizations Act (RICO), conspiracy to commit mail and/or wire fraud, and conspiracy to commit money laundering and securities fraud. *See United States v. Hein,* 395 Fed. Appx.

652, 654 (11th Cir. 2010). Petitioner's original sentence of a 144 month term of imprisonment was imposed on January 26, 2007.

Following his conviction, Petitioner's motion for a new trial was denied. *See United States v. Rommele*, 2006 WL 842577 (S.D. Fla. Dec. 1, 2006). After a direct appeal, Petitioner's conviction was affirmed but his sentence was vacated and his case remanded for further sentencing by the United States Court of Appeals for the Eleventh Circuit. *See Hein,* 395 Fed. Appx. at 658. A petition for writ of certiorari was denied by the Supreme Court of the United States on December 6, 2010. *See Roemmele v. United States*, 568 U.S. 1110 (2013).

Roemmele was resentenced on September 6, 2013 to a 235 month term of confinement. An appeal was denied by the Eleventh Circuit on December 10, 2014. *See United States v. Roemmele*, 589 Fed. Appx. 470 (11th Cir. 2014). A petition for writ of certiorari was denied. *See Roemmele v. United States*, 136 S. Ct. 255 (2015).

Petitioner indicates that he also filed a unsuccessful motion with the sentencing court pursuant to 28 U.S.C. § 2255 which was dismissed without prejudice on July 5, 2017. *See* Doc. 1, ¶ 10.

Petitioner advances three grounds in this habeas petition. In Ground One, Roemmele claims entitlement to federal habeas corpus based on a contention that his underlying criminal indictment was invalidated because a Department of

Justice attorney presented his case before the grand jury after making herself a witness in the case. *See id.* at ¶ 13. Ground Two asserts that the indictment is invalid because prosecutors caused the release and destruction of exculpatory hard drive evidence while grand jury proceedings were still pending. Ground Three challenges Petitioner's conviction because prosecutors simultaneously prosecuted him for the same offenses via grand juries impaneled in two separate judicial districts and one of those grand juries declined to indict.

## II.  DISCUSSION

### A.  Standard of Review

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). *See, e.g., Mutope v. Pennsylvania Board of Probation and Parole*, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.). The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b)). *See, e.g., Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is

frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." *Gorko v. Holt,* Civ. No. 4:05-cv-956, 2005 WL 1138479 *1 (M.D. Pa. May 13, 2005)(McClure, J.)(quoting *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

**B.    *Dorsainvil***

Since he initiated his action before this Court, Petitioner is apparently arguing that he may bring his present claims of an unconstitutional conviction and sentence via a § 2241 petition.  It is Roemmele's contention that this Court has jurisdiction over his § 2241 action by virtue of his ongoing detention at FPC-Lewisburg.  *See* Doc. 2, p. 17.

When challenging the validity of a federal sentence and not its execution, a federal prisoner is generally limited to seeking relief by way of a motion pursuant to 28 U.S.C. § 2255.  *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997); *Russell v. Martinez*, 325 Fed. Appx. 45, 47 (3d Cir. 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence").  A challenge can only be brought under § 2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  This language in § 2255, known as the safety-valve clause, must be strictly construed. *Dorsainvil*, 119 F.3d at 251; *Russell*, 325 Fed. Appx. at 47 (the safety valve "is

extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").

"It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Id*. at 539. *See also, Alexander v. Williamson*, 324 Fed. Appx. 149, 151 (3d Cir. 2009).

Roemmele is clearly challenging the validity of his conviction and sentence which occurred in the Southern District of Florida. He must do so by following the requirements of § 2255. As previously noted, Petitioner acknowledges that he previously filed both a direct appeal and a § 2255 action.

Roemmele's instant claims are not based upon a contention that his conduct is no longer criminal as a result of some change in the law which has been given retroactive effect in collateral proceedings by the Supreme Court. Nor has Petitioner shown that he was unable to present his claims via a § 2255 proceeding. As recognized by the Honorable Kim R. Gibson in *Pollard v. Yost*, No. 07-235, 2008 WL 4933599, at *6 (W.D. Pa. Nov. 18, 2008), for a challenge to a federal

conviction to be presented by a federal inmate by way of a § 2241 petition, there must not only be "a claim of actual innocence but a claim of actual innocence coupled with the inability to have brought the claim before because of a change in the construction of the criminal statute by a court having the last word on the proper construction of the statute, which change rendered what had been thought to be criminal within the ambit of the statute, no longer criminal."

Petitioner's pending claims do not fall within the narrow *Dorsainvil* exception to the general rule that section 2255 provides the exclusive avenue by which a federal prisoner may mount a collateral challenge to his conviction or sentence. *See Levan v. Sneizek*, 325 Fed. Appx. 55, 57 (3d Cir. April 2009). As considered in *Cradle*, the fact that Petitioner's § 2255 action was dismissed does not warrant a determination that § 2255 is inadequate or ineffective to test the legality of his conviction.

Given the rationale of the above decisions and Petitioner's failure to present this Court with any authority which would warrant a determination that his pending claims may be pursued via a § 2241 proceeding, it is apparent that under the present circumstances, habeas corpus review is not appropriate.

III.  CONCLUSION

Accordingly, Roemmele's § 2241 petition will be dismissed without prejudice. This dismissal does not preclude Petitioner from again seeking

authorization from the Eleventh Circuit Court of Appeals to file a second or

successive § 2255 petition.  An appropriate Order follows.


                                                                   BY THE COURT:


                                                                  *s/ Matthew W. Brann*
                                                                  Matthew W. Brann
                                                                   United States District Judge